UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mark Smith,                                              Civ. No. 20-1605 (PAM/BRT)

            Plaintiff,

v.                                                       **MEMORANDUM AND ORDER**

State Farm Fire and Casualty
Company,

            Defendant.

---

This matter is before the Court on the parties' cross-Motions for Summary Judgment. For the reasons set forth below, Defendant State Farm Fire and Casualty Company's Motion is denied and Plaintiff Mark Smith's Motion is granted.

**BACKGROUND**

Defendant State Farm insured Plaintiff Mark Smith's home in Lino Lakes, Minnesota. (Smith Decl. (Docket No. 37) ¶ 2.) On July 20, 2018, lightning struck at or near Smith's home, damaging personal property, electronics, appliances, and other equipment. (Id. ¶ 3.)

Over the ensuing two years, the parties investigated the damage. Smith provided State Farm will several estimates to repair or replace the damaged property, and State Farm adjusted the claim. Because State Farm's determination regarding the amount of loss was below his claim, Smith brought this lawsuit in July 2020 and moved to compel an appraisal shortly thereafter. (Docket No. 13.) State Farm subsequently agreed to submit the dispute to the appraisal panel. (Williams Letter (Docket No. 21).) Smith sought $285,405.32 in replacement cost benefits, $65,765.67 of which State Farm did not dispute. (Alberty Decl.

(Docket No. 43) Ex. 1 (Summerfield Decl.) ¶ 20.)  Two months later, the appraisal panel returned a gross award of $98,038.99 in actual cash value and $163,398.32 in replacement cost value, which is "the difference between the actual cash value and the cost [Smith] actually and necessarily spent to repair or replace the property."  (Smith Decl. Ex. 3 (Award) at 69;[1] Id. Ex. 1 (Policy) at 19.)  In June 2021, State Farm paid Smith the entirety of the actual cash value award.  (Id. Ex. 4 (State Farm Letter) at 1.)

On July 20, 2021, three years after the lighting strike, Smith replaced the irrigation system at his home.  (Alberty Decl. Ex. 15.)  The appraisal panel determined that the irrigation system loss amount totaled $6,765.  (Award at 74.)  State Farm paid Smith $4,059 in actual cash value to replace the system, but informed Smith that it would not pay the $2,706 replacement cost value on the system, because he did not repair the system within two years, as the policy requires.  (State Farm Letter at 1.)  Smith had timely repaired or replaced other property, though, and on October 12, 2021, State Farm paid him $61,510.87 in replacement cost value for doing so.  (Id.)

The parties now cross-move for summary judgment on two remaining issues: whether State Farm is required to pay the replacement cost value for Smith's irrigation system and the amount of preaward interest that State Farm owes Smith.

**DISCUSSION**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The Court

---

[1] Because this Exhibit is unpaginated, the citation refers to the ECF page number.

must view the evidence and inferences that "may be reasonably drawn from the evidence in the light most favorable to the nonmoving party." Enter. Bank v. Magna Bank of Mo., 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

The parties agreed to submit Smith's claim to an appraisal panel and to be bound by what the panel ruled. (Williams Letter; Policy at 21.) State Farm now takes issue with two of the appraisal panel's decisions: the amount of preaward interest and whether Smith is entitled to replacement cost value for his irrigation system. Because State Farm agreed to be bound by the appraisal panel's decision, State Farm's Motion is an impermissible attempt to relitigate issues already decided. State Farm does not contend that the appraisal panel exceed its authority, and thus State Farm is bound by the panel's award.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. State Farm's Motion for Summary Judgment (Docket No. 40) is **DENIED**;

2. Smith's Motion for Summary Judgment (Docket No. 34) is **GRANTED**; and

3. State Farm shall pay Smith preaward interest in the amount of $46,679.38, under Minn. Stat. § 549.09 subdiv. 1(c)(2), and replacement cost value for

the irrigation system in the amount of $2,706, consistent with the appraisal award.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:     May 11, 2022

                                              *s/Paul A. Magnuson*
                                              Paul A. Magnuson
                                              United States District Court Judge