UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mark Smith,                                                          Civ. No. 20-1605 (PAM/BRT)

                Plaintiff,

v.                                                                                **AMENDED MEMORANDUM**
                                                                                   **AND ORDER**

State Farm Fire and Casualty
Company,

                Defendant.

---

This matter is before the Court on the parties' cross-Motions for Summary Judgment. The Court received Defendant State Farm's Letter (Docket No. 54) and amends the previous Order (Docket No. 52) accordingly. For the reasons set forth below, Defendant State Farm Fire and Casualty Company's Motion is denied and Plaintiff Mark Smith's Motion is granted.

**BACKGROUND**

Defendant State Farm insured Plaintiff Mark Smith's home in Lino Lakes, Minnesota. (Smith Decl. (Docket No. 37) ¶ 2.) On July 20, 2018, lightning struck at or near Smith's home, damaging personal property, electronics, appliances, and other equipment. (Id. ¶ 3.)

Over the ensuing two years, the parties investigated the damage. On August 28, 2018, Smith provided State Farm with a list of items that he believed were damaged and numerous estimates to repair or replace the damaged property. (Id. Ex. 2 (Smith Email).) Smith estimated his amount of loss to be $414,979. (Id. at 4.) State Farm adjusted the

claim, and valued his loss at $62,353.76. (Smith Appraisal Decl. (Docket No. 16) ¶ 10.) Smith subsequently hired his own engineer to inspect the property and issue a report, which determined Smith's amount of loss to be $285,405. (Id. Ex. 7 at 59.)[1] Because State Farm's determination regarding the amount of loss was far below his claim and his engineer's calculation, Smith brought this lawsuit in July 2020 and moved to compel an appraisal shortly thereafter. (Docket No. 13.)

In September 2020, State Farm agreed to submit the dispute to the appraisal panel. (Williams Letter (Docket No. 21).) Smith sought $285,405.32 in replacement cost benefits, $65,765.67 of which State Farm did not dispute. (Alberty Decl. (Docket No. 43) Ex. 1 (Summerfield Decl.) ¶ 20.) Two months later, the appraisal panel returned a gross award of $98,038.99 in actual cash value and $163,398.32 in replacement cost value, which is "the difference between the actual cash value and the cost [Smith] actually and necessarily spent to repair or replace the property." (Smith Decl. Ex. 3 (Award) at 69;[2] Id. Ex. 1 (Policy) at 19.) In June 2021, State Farm paid Smith the entirety of the actual cash value award. (Id. Ex. 4 (State Farm Letter) at 1.)

On July 20, 2021, three years after the lighting strike, Smith replaced the irrigation system at his home. (Alberty Decl. Ex. 15.) The appraisal panel determined that the irrigation system loss amount totaled $6,765. (Award at 74.) State Farm paid Smith $4,059 in actual cash value to replace the system, but informed Smith that it would not pay the $2,706 replacement cost value on the system, because he did not repair the system within

---

[1] Because this Exhibit is unpaginated, the citation refers to the ECF page number.
[2] As this Exhibit is likewise unpaginated, the citation refers to the ECF page number.

two years, as the policy requires.  (State Farm Letter at 1.)  Smith had timely repaired or replaced other property, though, and on October 12, 2021, State Farm paid him $61,510.87 in replacement cost value for doing so.  (Id.)  Additional facts will be incorporated into the discussion below.

The parties now cross-move for summary judgment on two remaining issues: whether State Farm is required to pay the replacement cost value for Smith's irrigation system and the amount of preaward interest that State Farm owes Smith.

**DISCUSSION**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The Court must view the evidence and inferences that "may be reasonably drawn from the evidence in the light most favorable to the nonmoving party."  Enter. Bank v. Magna Bank of Mo., 92 F.3d 743, 747 (8th Cir. 1996).  The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

  A. **Preaward Interest**

The parties agree that Smith is entitled to preaward interest, but disagree as to the amount.  Minnesota law dictates that for pecuniary damages awards greater than $50,000, ten percent interest accrues each year "from the time of the commencement of the action

or a demand for arbitration, or the time of a written notice of claim, whichever occurs first." Minn. Stat. § 549.09 subds. 1(b), (c)(2). A written notice of a claim must provide sufficient information of the damage for the insurer "to assess its potential liability." Selective Ins. Co. of S.C. v. Sela, 11 F.4th 844, 851 (8th Cir. 2021) (quotation omitted). The Eighth Circuit noted that Minnesota law "d[oes] not 'require a demand for a specific amount of money; but that written notice must be sufficient, in light of the circumstances known to the noticed party, to allow the insurer to determine its potential liability from a generally recognized objective standard of measurement.'" Id. (quoting Blehr v. Anderson, 955 N.W.2d 613, 622 (Minn. Ct. App. 2021) (cleaned up)).

The parties disagree about when Smith notified State Farm of his claim; thus, they disagree about the amount of preaward interest that State Farm owes Smith. State Farm argues that interest should be calculated from June 11, 2020, when Smith provided his engineer's report to State Farm, along with his first appraisal demand. (2d Summerfield Decl. (Docket No. 49) ¶ 20.) Smith argues that interest should be calculated from August 28, 2018, the day on which he sent an email to State Farm, including a spreadsheet listing the items that he believed to be damaged and various estimates as to the cost to replace or repair the items. (Smith Email.) In that email, Smith also included an estimated loss amount of $414,979. (Id. at 4.)

The Court finds that Smith's August 28, 2018, email sufficiently notified State Farm of his claim. Indeed, two months later, State Farm used the list that Smith provided when it inspected his property and adjusted his claim. (Summerfield Decl. ¶ 6.) That State Farm disagreed with Smith regarding various items that he believed to be damaged and

4

undervalued Smith's claim by nearly $200,000, does not demonstrate that Smith failed to notify State Farm of his claim. (Alberty Decl. Ex. 8 at 1.) Rather, Smith initially estimated that his claim was worth more than $400,000. Smith equipped State Farm with sufficient information to assess its potential liability.

Therefore, preaward interest began to accrue on August 28, 2018. See Selective Ins. Co. of S.C. v. Sela, 455 F. Supp. 3d 841, 870 (D. Minn. 2020) (Schiltz, J.). The appraisal panel returned an actual cash value award of $98,038.99 and State Farm paid that amount on June 15, 2021. (State Farm Letter at 1.) Thus, calculating the interest at ten percent, as required by Minnesota law, State Farm owes Smith $27,450.92. See Minn. Stat. § 549.09 subdiv. 1(b), (c)(2). Further, the appraisal panel returned a replacement cash value of $61,510.87, which State Farm paid on October 21, 2021. (State Farm Letter at 1.) At ten percent interest, State Farm owes Smith $19,228.47 in preaward interest on the replacement value amount. See Minn. Stat. § 549.09 subd. 1(b), (c)(2). In total, Smith is entitled to $46,679.38 in preaward interest.

**B.    Irrigation System**

State Farm contends that it should not be required to pay the replacement cost value of Smith's irrigation system, as he replaced it more than two years after the lightning strike, and the policy requires that Smith repair or replace personal property within two years in order to recover the replacement cost value. (Policy at 22.) But "[u]nder Minnesota law, a material breach by one party may excuse the performance of another." M.M. Silta, Inc. v. Cleveland Cliffs, Inc., 572 F.3d 532, 537 (8th Cir. 2009). Here, State Farm's failure to "adjust the loss with [Smith]" as the policy dictates, constituted a material breach that

excused Smith's delay repairing the irrigation system. (Policy at 22.)

As explained above, the record demonstrates that State Farm's actions delayed the claims-handling process. For example, for at least a year, State Farm failed to provide Smith an adequate coverage position or answer his questions as to why certain items were not covered under the policy. (2d Smith Decl. (Docket No. 46) Exs. 3-6; Alberty Decl. Ex. 6 at 71.) Moreover, State Farm initially denied Smith's appraisal demand, and only agreed to submit the dispute to an appraisal panel in September 2020, which was already past the two-year deadline in the policy. (2d Smith Decl Ex. 6 at 3; Williams Letter.) Thus, State Farm frustrated Smith's performance and excused his delay in repairing his irrigation system. State Farm owes Smith $2,706 in replacement cost value for the system.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. State Farm's Motion for Summary Judgment (Docket No. 40) is **DENIED**;
2. Smith's Motion for Summary Judgment (Docket No. 34) is **GRANTED**; and
3. State Farm shall pay Smith preaward interest in the amount of $46,679.38, under Minn. Stat. § 549.09 subdiv. 1(c)(2), and replacement cost value for the irrigation system in the amount of $2,706, consistent with the appraisal award.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>Monday, May 16, 2022</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
